IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALEX Y. KIM**, <br> ON BEHALF OF HIMSELF AND OTHERS <br> SIMILARLY SITUATED, <br><br> *Plaintiffs*, <br><br> vs. <br><br> **UMAMI GRILL AND SUSHI, LLC** <br> **and JENNIFER ZILLIOX**. <br><br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **CASE NO. 4:18-cv-00850** <br><br><br><br> **JURY REQUESTED** |

## ORIGINAL COMPLAINT AND JURY REQUEST

TO THE HONORABLE JUDGE OF THIS COURT

COMES NOW Alex Kim ("Plaintiff"), complaining of Umami Grill and Sushi, LLC and Jennifer Zilliox ("Defendants") and for cause of action he respectfully shows unto this Court the following:

### PARTIES AND SERVICE

1. Plainitff is a citizen of the United States of America and the State of Texas and resides in Harris County, Texas. Defendants are Plaintiff's former employer. His written consent opting in to this collective action is attached as Exhibit A.

2. Defendant Jennifer Zilliox is a citizen of the United States of America and the State of Texas and resides in Montgomery County, Texas. She can be served at 6960 FM 1488 Rd., Suite 100, Magnolia, Texas 77354, in any manner the Federal Rules of Civil Procedure permit.

3. Defendant Umami Grill and Sushi, LLC (Umami Grill) is Texas corporation with its principal office located in Houston, Texas. Umami Grill and Sushi, LLC can be served with

1

process through its registered agent for service of process, Jennifer Zilliox at 6960 FM 1488 Rd., Suite 100, Magnolia, Texas 77354, in any manner the Federal Rules of Civil Procedure permit.

3. The Collective Members are Chefs employed by Defendant within the last three years who were paid a salary with no overtime pay. These employees are cooks responsible for preparing and serving food.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. All parties are subject to personal jurisdiction in the Southern District of Texas. Defendant made itself subject to this Court's jurisdiction by maintaining a physical presence and business operations in this District.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because Defendant resides in this District and most of the relevant facts occurred in this District.

## NATURE OF THE ACTION

7. This is a private civil action brought against Defendants pursuant to Section 16(b) of 29 U.S.C. § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendants did not pay its chefs overtime as required by FLSA. Instead, Defendants only paid them a salary with no overtime pay for hours worked over forty (40) in a week. This collective action seeks to recover the unpaid overtime wages and other damages owed to these employees.

## CONDITIONS PRECEDENT

8. All conditions precedent to jurisdiction have occurred or been complied with.

9. At all times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

10. At all times, Defendants have been an employer within the meaning of Section 3(d) of the FLSA.

## FACTS

11. Defendant Jennifer Zilliox is the owner and operator of Umami Grill and Sushi, LLC, a restaurant that serves Japanese cuisine, among other things

12. Plaintiff worked for Defendants as a chef. Plaintiff's primary duty was preparing sushi meals.

13. Plaintiff brought it to Defendants' attention that they had and continued to violate FLSA.

14. Plaintiff and the Collective Members were Defendants' chefs and were paid a salary during their employment with Defendants.

15. Defendant Umami Grill is a covered enterprise because it is a business engaging in, or has engaged in, the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) for at least each of the last three years.

14. Defendant's employees routinely use or handle goods or materials, including vehicles, tools, equipment, telephones, computers, and fax machines that are produced for

3

interstate commerce or actually travel in interstate commerce. Defendant also used the United States Postal system to send mail across state lines and interstate banking systems to pay Defendant's employees.

15. Defendants determined the hours Plaintiff and the Collective Members worked.

16. Defendants determined Plaintiff's and the Collective Members' duties as well as work locations.

17. Defendants made personnel and payroll decisions, including Plaintiff's and the Collective Members' pay rates, their job assignments and the decision to not pay them overtime.

18. Defendants owns or controls the equipment and supplies Plaintiff and the Collective Members use to perform their work.

19. Defendant has the power to hire and fire Plaintiff and the Collective Members.

20. An employer who pays a non-exempt employee on a salary basis must divide the employee's salary by the number of hours for which the salary is intended to compensate to obtain an hourly rate and pay time and a half for any hours worked over forty (40). 29 C.F.R. § 778.113.

21. Plaintiff and Collective Members are non-exempt employees who serve as chefs, a non-executive role for the Defendant.

22. Defendant pays Plaintiff and the Collective Members a salary with no overtime pay.

23. Plaintiff and the Collective Members work from approximately 7 a.m. to 7 p.m., which often included weekends. Accordingly, Plaintiffs regularly worked in excess of sixty (60) hours per week.

24. Defendant did not keep records of the hours Plaintiff and the Collective Members worked over forty (40) hours.

25. Plaintiff and the Collective Members regularly worked more than 40 hours in a workweek. Defendants did not pay them the extra time and a half-time required by the FLSA.

26. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay overtime compensation with respect to Plaintiff and the Collective Members.

## COLLECTIVE ACTION ALLEGATIONS

27. In addition to Plaintiff, Defendant employs other chefs who have the exact same job description as Plaintiff and are paid in the same manner as Plaintiff: salary and no overtime pay for hours worked over forty (40). All of Defendant's chefs performed various cooking and meal preparation duties.

28. These non-exempt employees are entitled to overtime pay for the same reasons as Plaintiff, and are, therefore, similarly situated to Plaintiff. These employees are collectively referred to as the "Collective Members."

29. Dozens of these employees have worked for Defendant over the last few years. Defendant's failure to pay overtime compensation at the rates required by the FLSA is a result of generally applicable pay policies or practices and does not depend on the personal circumstances of the Collective Members. Thus, Plaintiff's experience is typical of the experience of the Collective Members. Accordingly, Defendant's payroll scheme extends well beyond Plaintiff.

30. The specific job titles, precise job requirements or job locations of the various Collective Members do not prevent collective treatment. All Collective Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages

may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Collective Members.

31. These Collective Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the collective members are properly defined as: **"All chefs employed by Defendants in the past 3 years and who worked in excess of 40 hours in one or more workweeks and were not paid at one and one-half times their regular rate of pay for all hours worked in excess of 40 in one or more workweeks."**

### CAUSE OF ACTION- FLSA VIOLATION

32. By failing to pay Plaintiff and the Collective Members overtime at one-and-one-half times their regular rates, Defendant violated the FLSA's overtime provisions.

33. Defendant owes Plaintiff and the Collective Members the difference between the hourly equivalent of their day-rate earnings and the proper overtime rate. Because Defendant knew, or showed reckless disregard for whether, their pay practices violated the FLSA, Defendant owes these wages for at least the past two years.

34. Defendant is liable to Plaintiff and the Collective Members for an amount equal to all unpaid overtime wages.

35. Plaintiff and the Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY REQUEST

36. Plaintiff hereby requests a trial by jury.

### RELIEF REQUESTED

Plaintiff respectfully requests relief as follows:

1.  An Order allowing this action to proceed as a collective action under the FLSA and directing notice to the Collective Members;

2.  Judgment awarding Plaintiff and the Collective Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3.  An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4.  All such other and further relief that Plaintiff and the Collective Members are justly entitled.

Respectfully submitted,

**SMITH REED & ARMSTRONG, PLLC**

By: */s/ Derrick A. Reed*
    **Derrick A. Reed**
    Attorney-in-Charge
    Federal I.D. No.: 899172
    State Bar No.: 24053780
    Email: derrick@srapllc.com
    1920 Country Place Pkwy, Suite 350
    Pearland, Texas 77584
    Telephone: (281) 519-7606
    Facsimile: (281) 506-8693

**ATTORNEYS FOR PLAINTIFF**

CO-COUNSEL:

| | |
|---|---|
| **Marrick Armstrong** | **Daniel Lee** |
| State Bar No. 24057695 | State Bar No. 24053793 |
| Email: marrick@srapllc.com | Email: cyleelaw@gmail.com |
| | |
| **SMITH REED & ARMSTRONG, PLLC** | **C.Y. LEE LEGAL GROUP** |
| 1920 Country Place Parkway, Suite 320 | 1305 Prairie St., Suite 300 |
| Pearland, Texas 77584 | Houston, Texas 77002 |
| Telephone: (281) 489-3934 | Telephone: (832) 632-4639 |
| Facsimile: (281) 506-8693 | Facsimile: (281) 724-5063 |